HORACE C. HUNT vs. THOMAS F. TOOMEY & another.

Suffolk.    November 14, 1933. — February 14, 1934.

Present: RUGG, C.J., CROSBY, PIERCE, DONAHUE, & LUMMUS, JJ.

*Contract*, Construction.    *Joint Tenants and Tenants in Common.*

Upon a report by a judge of the Superior Court of an action of contract
   to recover one half of the losses entailed in the ownership and manage-
   ment of certain real estate owned by the plaintiff and the defendant,
   it was *held* that certain findings of fact and inferences drawn from
   facts by the trial judge respecting agreements between the parties as
   to charges and credits, as to disbursements respecting the real estate,
   and as to interest on a second mortgage of the premises held by the
   plaintiff, were warranted.

CONTRACT.    Writ in the Municipal Court of the City of
Boston dated November 4, 1931.

On removal to the Superior Court, the action was referred
to an auditor.   Material findings by the auditor are stated
in the opinion.   There was a hearing by *O'Connell*, J., with-
out a jury, the report of the auditor being the only evidence.
The plaintiff moved for judgment on the auditor's report.
The judge reported the action for determination by this
court on the following terms:

"On March 13, 1933, I found for the plaintiff upon the
auditor's report in the sum of $3,187.93 and, both parties
claiming to be aggrieved, at their request, I report said action
for the determination of the Supreme Judicial Court upon
the single question of the interest upon the second mortgage
described in the auditor's report.

"The only question intended to be presented by this report
is from what time the plaintiff is entitled to charge interest at
the rate of six per cent per annum.   If the plaintiff is entitled
to charge interest from December 5, 1926, then it is agreed
that the finding should be for the plaintiff for the sum of
$3,600.78 and interest from March 13, 1933.   If the plaintiff
is only entitled to charge interest from January 8, 1929, then

judgment for the plaintiff for $1,884.52 and interest from March 13, 1933.

"If my finding is correct, then judgment is to be entered for the plaintiff in the sum of $3,187.93 with interest from March 13, 1933, the date of said finding."

The case was submitted on briefs.

*W. E. Sisk & R. L. Sisk*, for the defendant.

*E. O'Callaghan*, for the plaintiff.

PIERCE, J. This is an action of contract by which the plaintiff seeks to recover one half of the losses sustained in the ownership and management of a parcel of real estate owned one half by the plaintiff and one half by the defendants under a special contract. The answers are general denial and payment. By agreement of the parties the action was referred to an auditor who, pursuant to the rule, heard the parties, examined their vouchers and evidence and duly filed a report. Thereafter the action was tried in the Superior Court upon the plaintiff's motion for judgment on the auditor's report, which was the only evidence before that court.

The auditor's report discloses that it is not in dispute that late in the year 1926 the plaintiff owned a one-half interest, and the defendants the other half, in the equity of redemption of an estate at number 330 Dartmouth Street, Boston, above two mortgages. The first mortgage was for $100,000; the second was owned by the plaintiff, and there was due upon it $25,200. By agreement the record title to the equity of redemption stood in the name of William J. Stober. It is found by the auditor that no papers at the time the property was placed in the name of Stober were then in existence showing title in any form in the defendants Toomey and Cunningham. The plaintiff managed the property. Under "agreement" with the defendants, at first oral, later reduced to writing and dated September 20, 1929, the plaintiff was to collect the rents and make all disbursements necessary in the running and operation of said property. The profits, if any, were to be divided one half to the plaintiff and one half to the defendants. If the disbursements exceeded the income one half of the loss was to be paid by the plaintiff and the other

half by the defendants. The plaintiff, under the contract, collected the rents and made disbursements, including interest on both mortgages, until January 8, 1929, when the defendants gave the plaintiff a note for one half the principal of the second mortgage. This note bore interest at the rate of one per cent per month and was secured by an assignment of a one-half undivided interest owned by them in a certain mortgage given by William J. Stober to Horace C. Hunt on the Dartmouth Street property. In September, 1929, this note was paid by the makers Toomey and Cunningham, and cancelled and returned to them. On the same day the plaintiff reassigned the one-half undivided interest which Toomey and Cunningham had delivered to him as collateral for said note. On September 19, 1929, the defendants, by letter addressed to the plaintiff, authorized him to charge against their share of the income received by the plaintiff from the rental of the estate on Dartmouth Street twelve per cent interest upon the note from January 8, 1929, to the date of the letter. At the hearing before the auditor, and in open court, it was admitted by the defendants that the disbursements, exclusive of taxes, interest and commissions, exceeded the income received by $1,387.35 of which one half should be charged to the defendants; and that there should be added to this sum $1,054.20, the interest on the note given in payment of the defendants' share of the second mortgage debt — a total of $1,747.87. The defendants admit liability for $1,884.52 and interest from March 13, 1933.

On the issue whether interest was chargeable against the defendants upon the second mortgage of $25,200 from December 5, 1926, to January 8, 1929, the "auditor found . . . for the plaintiff in the sum of $1,201.20, which is one half of the interest on the mortgage of $25,300 [$25,200?] above referred to from June 6, 1927, to January 8, 1929, and reported for the determination of the court the question as to whether or not the plaintiff is entitled to be allowed for interest from December 5, 1926, to June 5, 1927."

As is above shown the auditor found that the plaintiff should be allowed interest at six per cent on the second

mortgage from June 6, 1927, to January 8, 1929. This would add $2,402.40 to the disbursements made by the plaintiff and would add one half that amount to the liability of the defendants. The auditor also found for the plaintiff $203.50 for interest on the total of the above amounts from the date of the writ until the date of the report, December 28, 1932.

The plaintiff did not receive from the mortgagor interest on the $25,200 held by him for the period between December 5, 1926, and June 6, 1927, and for this reason, he, having collected all income from the property, contends he is entitled to retain the amount of $378 as one half of the interest upon that sum for said period at six per cent per annum. The auditor finds there was no express promise by the defendants to pay any part of this charge. The defendants contend that in this situation there does not arise in law an implied promise to bear this charge and that oral evidence is insufficient to justify the allowance thereof. The auditor states that there is no other evidence with respect to this element except as contained in the report.

At the trial on the auditor's report the trial judge found for the plaintiff upon the auditor's report in the sum of $3,187.93. This covers, with interest to date of finding, the items admitted to be due by the defendants, together with one half the interest on the second mortgage from June 6, 1927, to January 8, 1929, and rejects the claim of the plaintiff that interest should run from December 5, 1926, to June 6, 1927. We think the judge was warranted in finding that it was understood between the plaintiff and the defendants that interest by way of disbursements should be paid by the defendants on one half of the second mortgage, and that the agreement is properly inferable from the fact that the plaintiff agreed that having received six per cent of the interest by way of bonus up to June 6, 1927, from the mortgagor of the second mortgage, the defendants should be credited until June 6, 1927, when said 'mortgage became due, but that thereafter there should be a charge against the property of interest on the second mortgage of $25,200 at twelve per cent per year, and that one half of this should be charged

against the defendants' share of the receipts.   This under-
standing of the parties finds some support in the similar
agreement contained in the letter dated September 19, 1929.
We are of opinion that the finding of the judge is correct.

It follows that judgment should be entered for the plain-
tiff in the sum of $3,187.93, with interest from March 13,
1933, the date of the finding.

*So ordered.*